IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KELLY A. THIRTLE,** | ) | **CASE NO. 8:11CV23** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JOHN DAHM,** | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion to Amend Petition for Writ of Habeas Corpus. (Filing No. 7.)

### *Initial Review of the Proposed Amendment*

The court has conducted an initial review of Petitioner's proposed amendment to determine whether it is, when liberally construed, potentially cognizable in federal court. Liberally construed, Petitioner has asked that Claim One, as described in the court's March 22, 2011, Memorandum and Order, be amended to say: Petitioner was denied due process in violation of the Fourteenth Amendment *because* her conviction was obtained through the use of false testimony, coerced testimony and prosecutorial misconduct. (Filing No. 7. at CM/ECF p. 1.)

Liberally construed, the court preliminarily decides Petitioner's proposed amendment is potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of the allegation or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

*Motion to Amend Petition*

Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should freely give a party leave to amend when justice so requires. The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason-such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be freely given.

*Id.* (internal quotations omitted).

The court has carefully reviewed the proposed amendment and determined that it is potentially cognizable in federal court. Therefore, the amendment would not be futile and is not made in bad faith. Accordingly, the court finds Petitioner's Motion to Amend Petition for Writ of Habeas Corpus (Filing No. 7) should be granted. In light of this amendment, and on the court's own motion, the court will extend the time for Respondent to file a motion for summary judgment or state court records in support of an answer to June 1, 2011.

IT IS THEREFORE ORDERED that:

1. Upon initial review of Petitioner's proposed amendment (Filing No. 7), the court preliminarily determines that it is potentially cognizable in federal court.

2. Petitioner's Motion to Amend Petition for Writ of Habeas Corpus (Filing No. 7) is granted and the original petition shall be considered amended by the motion.

3. By June 2, 2011, Respondent shall file a motion for summary judgment or state court records in support of an answer.

4.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: June 2, 2011: deadline for Respondent to file a motion for summary judgment or state court records in support of an answer.

DATED this 3rd day of May, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.