IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KELLY A. THIRTLE, | ) | CASE NO. 8:11CV23 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JOHN DAHM, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Kelly A. Thirtle's ("Thirtle") Amended Petition for Writ of Habeas Corpus ("Petition"). (Filing Nos. 1 and 7.) Respondent has filed an Answer (Filing No. 10), a Brief in Support of the Answer (Filing No. 11), relevant State Court Records (Filing No. 9) and a Reply Brief (Filing No. 16). Thirtle has filed a Brief in response to the Answer. (Filing No. 15.) This matter is therefore deemed fully submitted.

Liberally construing the allegations of Thirtle's Petition, she argues that she is entitled to a writ of habeas corpus because:

> Claim One: Petitioner was denied due process in violation of the Fourteenth Amendment because her conviction was obtained through the use of false testimony, coerced testimony and prosecutorial misconduct.
>
> Claim Two: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because her trial counsel lacked experience and failed to investigate, use expert witnesses and prepare an adequate defense.
>
> Claim Three: Petitioner was denied due process in violation of the Fourteenth Amendment because opposing counsel failed to disclose that a social worker was involved with the alleged victims and Petitioner was unable to properly cross-examine the witnesses.

(Filing Nos. 1 and 7, together, the "Habeas Claims.")

## BACKGROUND

### I. Thirtle's Conviction and Direct Appeal

On December 27, 1994, after a bench trial, a Douglas County, Nebraska, District Court judge found Thirtle guilty of two counts of first degree sexual assault on a child. (Filing No. 9-8, Attach. 8 at CM/ECF pp. 13-15; Filing No. 9-10, Attach. 10 at CM/ECF p. 2; Filing No. 9-12, Attach. 12, at CM/ECF pp. 43-45.) On March 28, 1995, the Douglas County District Court judge sentenced Thirtle to consecutive terms of imprisonment of fifteen to twenty years for each count. (Filing No. 9-12, Attach. 12 at CM/ECF pp. 49-50.) Thirtle filed a timely direct appeal arguing that (1) the evidence was insufficient to support her conviction and (2) the Douglas County District Court abused his discretion by imposing consecutive prison sentences of fifteen to twenty years. (Filing No. 9-8, Attach. 8 at CM/ECF p. 1; Filing No. 9-3, Attach. 3 at CM/ECF p. 5.) The Nebraska Court of Appeals affirmed Thirtle's convictions and sentences on November 22, 1995. (Filing No. 9-1, Attach. 1, at CM/ECF p. 2.) Thirtle filed a petition for further review with the Nebraska Supreme Court. (*Id.*) The Nebraska Supreme Court overruled Thirtle's petition for further review on January 4, 1996. (*Id.*)

### II. Thirtle's Post Conviction Motion and Appeal

On October 26, 2006, more than 10 years after her conviction, Thirtle filed a verified motion to vacate and set aside judgment of conviction and sentence ("Post-Conviction Motion") in the Douglas County, Nebraska, District Court. (Filing No. 9-9, Attach. 9 at CM/ECF pp. 13-15.) Liberally construed, the Post-Conviction Motion set forth Claim One of Thirtle's Habeas Claims. (*Id.*) However, the Post-Conviction Motion did not raise

Thirtle's other Habeas Claims. (*Id.*) On February 4, 2009, the Douglas County District Court issued an order granting Thirtle's Post-Conviction Motion. (*Id*. at CM/ECF pp. 23-45.) In response, the State of Nebraska filed a motion to alter or amend judgment, arguing that the Douglas County District Court's February 4, 2009, order did not contain findings of fact and conclusions of law as required by the Nebraska Postconviction Act. (*Id*. at CM/ECF pp. 28-29.) The Douglas County District Court sustained the motion, vacated its February 4, 2009, postconviction order and denied Thirtle's Post-Conviction Motion. (*Id*. at CM/ECF pp. 32-43.) Thereafter, Thirtle filed a timely appeal of the denial of her Post Conviction Motion. (*Id*. at CM/ECF p. 1.)

On February 11, 2010, the Nebraska Court of Appeals summarily affirmed the denial of Thirtle's Post Conviction Motion. (Filing No. 9-2, Attach. 2, at CM/ECF p. 2.) Thirtle did not file a petition for further review with the Nebraska Supreme Court. (*Id*.) The mandate was issued on March 16, 2010. (*Id*.)

## *ANALYSIS*

### I.   Standards for Procedural Default

Respondent argues, among other things, that Thirtle's Habeas Claims are procedurally defaulted.[1] (Filing No. 11 at CM/ECF p. 13.) As set forth in 28 U.S.C. § 2254(b)(1):

(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

---

[1]Respondent also argues that Thirtle's Habeas Claims are barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). (Filing No. 11 at CM/ECF pp. 11-13.) The court need not address this argument because the court finds that Thirtle's Habeas Claims are procedurally defaulted.

>   (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)   (i)   there is an absence of available State corrective process; or
>         (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See *Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim–that is, if resort to the state courts would be futile–then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*,

4

518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper,* 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted). Even where a claim has been

procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins,* 410 F.3d at 456 n.1.

**II.     Thirtle's Habeas Claims**

   *A.     Claim One*

In Claim One, Thirtle alleges she was denied due process in violation of the Fourteenth Amendment because her conviction was obtained through the use of false testimony, coerced testimony and prosecutorial misconduct. (Filing Nos. 1 and 7.) Thirtle arguably raised Claim One in her Post-Conviction Motion and in her post-conviction appeal. (Filing No. 9-9, Attach. 9 at CM/ECF pp. 13-15; Filing No. 9-6 at CM/ECF pp. 7, 21-24, 29-30.) However, Thirtle did not present Claim One to the Nebraska Supreme Court in a petition for further review. (Filing No. 9-2, Attach. 2 at CM/ECF p. 2.) As discussed above, Thirtle is required to fairly present the substance of her federal constitutional claims to the state courts before she may seek federal habeas relief. *See O'Sullivan,* 526 U.S. at 844. Moreover, under Nebraska law "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *Ortiz,* 670 N.W.2d at 792. Because Thirtle failed to fairly present Claim One to the Nebraska state courts, and because she cannot file a second motion for post-conviction relief under Nebraska law, Claim One is procedurally defaulted.

   *B.     Claims Two and Three*

Unlike Claim One, Thirtle did not raise Claim Two or Claim Three in her Post-Conviction Motion or in her post-conviction appeal. (*See* Filing No. 9-9, Attach. 9 at

6

CM/ECF pp. 13-15; Filing No. 9-6, Attach. 6 at CM/ECF pp. 7, 21-31.) Again, Thirtle is required to fairly present the substance of her federal constitutional claims to the state courts before she may seek federal habeas relief. See O'Sullivan, 526 U.S. at 844. And, under Nebraska law "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." Ortiz, 670 N.W.2d at 792. Because Thirtle failed to fairly present Claim Two and Claim Three to the Nebraska state courts, and because she cannot file a second motion for post-conviction relief under Nebraska law, Claim Two and Claim Three are also procedurally defaulted.

### III. Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999); see also Bell v. Attorney Gen. of Iowa, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

The court has carefully reviewed Thirtle's submissions in this matter. Thirtle makes no attempt to show cause for failing to present her Habeas Claims to the Nebraska state

courts. Instead, she argues that she is actually innocent and asks the court to excuse her procedural default under the fundamental-miscarriage-of-justice exception. (Filing No. 16 at CM/ECF pp. 6-8.) In order for Thirtle to invoke the fundamental-miscarriage-of-justice exception, she must present new evidence that affirmatively demonstrates that she is innocent of the crime for which she was convicted. *Abdi v. Hatch,* 450 F.3d 334, 338 (8th Cir. 2006). *See Cassell v. Norris,* 103 F.3d 61, 62 (8th Cir.1996) ("For actual innocence to lift the procedural bar, [a petitioner] must show that it is more likely than not that, in light of new evidence, no reasonable juror would have convicted [her]."), *cert. denied*, 522 U.S. 857 (1997).

Here, Thirtle argues that she is actually innocent because both of her victims, through affidavits, recanted their original testimony that she sexually assaulted them. (Filing No. 16 at CM/ECF pp. 6-8.) Each victim allegedly recanted their testimony because it was influenced and "coerced by a state social worker." (*Id*.) However, "recantations of testimony generally are viewed with suspicion." *Wadlington v. United States,* 428 F.3d 779, 784 (8th Cir. 2005). Thus, it may be reasonable for a juror to believe the victims' testimony at trial, rather than their recantations. This is especially true where, as here, the victims' recantations occurred long after their trial testimony and after each had developed a criminal history. (*See* Filing No. 9-9, Attach. 9 at CM/ECF pp. 38-40.) Further, the Douglas County District Court determined that the victims' recantations "lacked sufficient credibility and details" to prove that a state social worker coerced their original trial testimony. (*Id*. at CM/ECF p. 40.) This court presumes that the Douglas County District Court's credibility determination is correct. See 28 U.S.C. § 2254(e)(1); *see generally*

*Chadwell v. Koch Refining Co., L.P.*, 251 F.3d 727, 734 (8th Cir. 2001) (noting that a trial court is closer to the evidence and better equipped to make credibility determinations). Accordingly, Thirtle has not shown that it is more likely than not that, in light of the recantations, no reasonable juror would have convicted her.  Because Thirtle has not demonstrated cause and prejudice to excuse the procedural default of her Habeas Claims, this matter is dismissed in it entirety.

    IT IS THEREFORE ORDERED that:

1. Petitioner Kelly A. Thirtle's Amended Petition for Writ of Habeas Corpus (Filing Nos. 1 and 7) is dismissed with prejudice; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

    DATED this 9th day of November, 2011.

                                              BY THE COURT:

                                              s/Laurie Smith Camp
                                              United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.